UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY COLEMAN,

       Petitioner,

                                          CASE NO. 2:09-CV-13528
v.                                         HONORABLE MARIANNE O. BATTANI

CINDI CURTIN,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR WRIT OF HABEAS CORPUS**

**I.    Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Jerry Coleman, a state prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner raises claims concerning the scoring of the sentencing guidelines, the effectiveness of trial counsel, the voluntariness of his plea, and his due process rights in his habeas petition. For the reasons stated herein, the Court concludes that Petitioner has not fully exhausted his state court remedies and dismisses without prejudice the petition for writ of habeas corpus.

**II.    Facts and Procedural History**

       Petitioner pleaded guilty to assault with intent to rob and possession of firearm during the commission of a felony, second offense, in the Wayne County Circuit Court and was sentenced to consecutive terms of 13 to 25 years imprisonment and five years imprisonment on those

convictions in 2007.

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals challenging the scoring of the sentencing guidelines and the accuracy of the pre-sentence report. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Coleman*, No. 283882 (Mich. Ct. App. March 26, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court apparently raising the same sentencing claim. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Coleman*, 482 Mich. 989, 755 N.W.2d 640 (Sept. 22, 2008).

Petitioner dated his federal habeas petition on August 31, 2009. In his petition, he raises the following claims:

> I. His due process rights were violated when he was scored on inaccurate information where OV12 (other felonious acts) and OV19 (interference with administration of justice) were mis-scored.
>
> II. Trial counsel was ineffective for failing to challenge the scoring of the offense variables and failing to investigate his case.
>
> III. His plea was involuntary and the result of fraud, duress, mis-information, and confusion.
>
> IV. His due process rights were violated where his gun and assault charges were never challenged, counsel deliberately refused to file any motions and investigate his case, and he accepted the plea under duress and confusion.

**III.   Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He admits that he has not presented his second, third and fourth habeas claims concerning the effectiveness of counsel, the voluntariness of his plea, and his due process rights to the Michigan courts on direct appeal of his convictions. Petitioner has thus failed to properly exhaust all of his habeas claims in the Michigan courts.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.

3

1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about December 21, 2008. The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or

other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Given that nearly four months of the limitations period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so.  A stay is unnecessary.

Petitioner has also not shown good cause for failing to properly and fully exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal court on habeas review.  His assertion that appellate counsel refused to raise the issues on direct appeal, while potentially cause to excuse that failure, does not justify his failure to pursue state collateral review before seeking relief from this Court.  Moreover, Petitioner's unexhausted claims appear to concern matters of federal law which may warrant further review.  His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the unexhausted ineffective assistance of counsel claims, such an action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claim, he may move to re-open this case and amend his petition to proceed on the exhausted claim within 30 days of the filing date of this order.  The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED.**


                                                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE

Dated: September 15, 2009

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 15, 2009 by electronic and/or ordinary mail.

s/Deborah J. Goltz
Deputy Clerk

---